May it please the court my name is Patrick Moran on behalf of Congregation Beth Aaron. There's really only one issue on appeal here and that is whether the release that was signed in the Delaware State Court action covers the claims that Congregation Beth Aaron brought in federal court in California. Just for a background in February of 2008 a number of cases were filed some of them in California State Court some of them in Delaware State Court. They rose out of an offer to buy out. Because we don't have a lot of time I think we all understand the facts and the consolidation of the cases in California and in Delaware and so forth. Sure. My question has to do with the paper performance issue. It initiated from a stockholder at a stockholder's meeting. It is part of the Congregation Beth Aaron's claim. Correct. It doesn't appear to me that the trial judge dealt with it in any way in the decision. Yes. It sort of collapsed into the severance argument. Yes. I would agree, Your Honor. If you look at the district our point that the paper performance proposal, which was actually not submitted by Carl Icahn and was not related to it in any way, it was actually submitted by a union, I think it was International Brotherhood, that submitted this proposal that really didn't have anything to do with severance. It had to do with compensation of officers on an ongoing basis. The severance agreement, which was actually said that in the events of a takeover, any Yahoo! employee could basically walk away from their job and they'd get a huge severance bonus. Is there something? Go ahead. Actually, didn't that arise out of the proxy statement? Yes. You're right. They're both in the same proxy statement. Why isn't it covered by the general release? Because they cover completely different subjects. But if they arise out of the proxy statement, the release says anything that arises out of claims that were made, that, you know, claims were made, including the proxy statement. Respectfully, Your Honor, I think the release is a little narrower than that. If you look at the language in the release, it says it does say claims that arise out of the proxy related to, for instance, the Carl Icahn case. Icahn was after this. Right. And this – that's the severance agreement. The pay for performance proposal by the union had nothing to do with severance. It had to do with compensation of officers on an ongoing basis. Really, it had nothing to do with a takeover in any way. So we would argue that just by the terms of the release itself, the pay for performance proposal was not released. And to back that up, we actually went back and we looked at what the – or what the defendants told the court in Delaware when they settled the action. And if you look in the record, it is actually – it's at SER 420 to 421. And that's excerpts from the hearing in front of Vice Chancellor Chandler in Delaware. And Vice Chancellor Chandler picks up on the fact that there's other cases pending at the time. He asks about them. He says, so you've got some state court actions out there, right? And defense counsel admits that there are state court actions and informs the judge that he's taking care of those, implying that they're going to be part of the settlement. And then Judge Chandler says, well, the release here wouldn't affect those actions, would it? And he says, I respectfully disagree, Your Honor. I think the release would affect those actions. Okay. They leave it. And they – then he – defense counsel goes on and Sue Sponte mentions the federal action. Oh, by the way, Your Honor, we have a federal court action pending, too. And then he goes on to explain that the federal plaintiffs disagree with the settlement, he says. They don't like it. And we don't really know what's going to happen there. I'm paraphrasing, of course. But says nothing about the fact that the claims are different, that they're based on federal law. He says nothing about the fact that they're not being wrapped into the settlement. He says nothing about the fact that plaintiffs in that case aren't being compensated in any way. Doesn't even really mention that any claims are being released. So I think all the talk of fairness in the papers by defendants is a little misleading when Vice Chancellor Chandler really didn't have the full information concerning the release in front of him or the effect that the release would have. And it is customary – I've been involved in a lot of securities actions and a lot of merger litigation – and it's customary in a release to name the cases that you know of that you're specifically releasing. It's common that you have cases filed in both state and federal court. And in such an instance, if I'm the state court settling plaintiff, I want to make sure that defendants go for the settlement. And in order to do that, I would list all the actions pending so that defendants have comfort that all the cases are being released. And that wasn't done in this case. And really, I can't explain why it wasn't done, except to say that they kind of wanted to have it both ways. They didn't – What about your claim? And why wasn't there any objection? Why wasn't there any participation? It seems to me that the argument could be made you wanted to have it both ways. Well, it's a fair question. And the answer is we didn't think we were released. We expected that if we were going to be released, we would see our name or some mention of a federal California action in the release. We didn't see it. And there was benefit to the class here. Some, we don't think it was enough. But there was some. And there was consideration. And so that would be the basis to object. Had we been listed in the release and known we were released, we would have objected. And defendants knew that. So that may have been one reason why they didn't put us in there. So I mean, it's a fair point. But we didn't think at that point of the litigation that objecting was the correct way to go about it. Because the Just another curiosity. Are we the right forum to be making this decision? Has the Delaware court retained jurisdiction? Well, this happens regularly. The court did retain jurisdiction. But when you have the impact of a release in Federal court, even the Delaware courts have held that that is exclusively a matter for a Federal court to look at. On the Federal claims? Yes. Whether the Federal claims have been released or not. The scope of the release. As I mentioned, it was different subject matter. Also, if you look at the cases that are cited in both briefs and you compare the releases in those cases to the release we have here, they're very different. Most of the releases are very general in nature. They say all litigation existing anywhere at this time for any claims, whether State or Federal, something to that effect. They don't go on to qualify it in any way. Because it doesn't behoove defendants to qualify a release when they want to be as broad as possible. So that's why it's curious that they did that here. Cases cited by Yahoo in this case, Hob T. Room is a very general release. Durkin, also very general in nature. In Epstein, the case that went to the United States Supreme Court, in that case, they specifically outlined the California Federal actions and they were named in the release. And that just simply isn't what we have here. Another complicating factor to all this, which makes it just a little more complex, is that it's a non-opt-out class. In other words, the plaintiff here didn't have an opportunity to simply opt out and go to Federal court and prosecute his action. He was wrapped into the settlement, had to abide by its terms no matter what. It would only hypothetically make a difference, say, if the Supreme Court decided that you can't waive or release Federal claims in a non-opt-out class situation, which the Supreme Court hasn't addressed the issue. There is one First Circuit case that seems to imply that you can do it in a non-opt-out class situation. But we did argue that it's inappropriate to do so, you know, for due process reasons, to release Federal claims in a non-opt-out settlement. I suppose the counter to that is that you can always object. But again, I think I explained why we didn't object here. I think I'll save my remaining 30 seconds. Thank you. Good morning, Your Honors. May it please the Court, my name is Jim Lyons. I'm here today on behalf of the appellee, Yahoo, Inc. Your Honors, this shareholder derivative action, as Judge Vimer correctly pointed out, is CBA's second bite at the apple. They were the beneficiary of a settlement release in the Delaware Chancery Court. The claims were resolved in a release in a reasonable and adequate, and CBA got notice of that settlement. Mr. Brand is hanging his hat on the fact that the pay proposal is not included, and explicitly is not included because it had nothing to do with the Icon proxy contest. What is your response directly to that point? Two responses, Your Honor. First, I think Judge White was correct in his determination that the pay for performance proposal, based on the allegations of plaintiff's complaint, related to the Yahoo board's reaction to the Microsoft proposal. And that's found at paragraph 10 of the amended complaint filed by CBA. But where does Judge White say that in his opinion? I looked for his treatment of the pay for performance issue, and I just ‑‑ he identifies it at page 3 in terms of the proxy statement, but then in terms of his analysis, I didn't see any treatment of it. I just saw a reference to the severance issues. Well, Your Honor, I take ‑‑ I infer this from page 9 of his opinion, which is page 32 of the excerpts of record, the very last sentence in the section under Plaintiff's Exchange Act claims, where he says the court concludes that the 14A claim does arise from the severance plans and is therefore encompassed by the release subject to dismissal. In the prior sentence, he cites to the amended complaint. There's no analysis as to how that collapsing occurs or why it occurs. I mean, was the pay for performance initiative at the stockholders' meeting fairly viewed as a result of the response to the Microsoft? Well, I think respectfully, Your Honor, I think Judge White was referring to the allegations of plaintiff's complaint, which is paragraph 10 of the amended complaint, in which they say ‑‑ in which CBA alleges ‑‑ says as part of their improper conduct, that is, the Board of Directors' improper conduct, the Yahoo! Board issued false missing statements in their definitive proxy, and also goes on to say, and a related shareholder proposal limiting compensation to the company's performance only. So I think if there's a conflation here, the conflation starts with the amended complaint filed by the plaintiffs. But let me go back to why ‑‑ to Judge Reimer's question, which is, is the pay for performance claim covered by the release? I think that is the question. And the answer to that question is, yes, it is. Why is it covered by the release? Because the release specifically provides for a release of all claims arising out of matters alleged in the Delaware complaints, among other things. The proxy statement is a matter alleged in the Delaware complaint. It's at count four of the Delaware complaint. There are, as we said in the chart, in our brief at pages 16 and 19, there are numerous paragraphs alleging false misleading disclosures in Delaware that are repeated verbatim in the complaint by Congregation Beth Aaron. And therefore, the cause of action for the 14A claim does arise out of matters alleged in the Delaware complaints, and therefore it's covered by the release. It is therefore released. So the other aspect of the matter I'd like to bring to the Court's attention is the so-called entrenchment claim. The entrenchment claim was the claim that the Board of Directors entrenched themselves by entering into a settlement. Your Honors, that is also covered by the scope of the release, because the release specifically bars any claims arising out of the Yahoo Board's breaches of fiduciary duty alleged in Delaware. And the entrenchment claim asserts it was a breach of duty to settle those breaches of fiduciary duty claims. Therefore, the entrenchment claim arises out of the breach of fiduciary duty claims that were settled in Delaware. Therefore, it's covered within the scope of the release and is therefore barred. Now, Your Honors, there's one other question I think the Court asked, or perhaps my opponent raised, which was that there was no specific mention in the release of the Congregation Beth-Aaron case. That's true. There was no specific mention of that. But, Your Honors, the release does specifically mention that claims under the federal securities laws are being released. That was a perfectly appropriate thing for the release to say. It's perfectly valid under the Matsushita case and the Nottingham case, as we cited, from Delaware and the First Circuit. We didn't need to say those words specifically, Your Honors. It would be belts and suspenders. The question, again, is does the release cover the claims that CBA is alleging here? And we submit the answer to that question is yes. Now, Your Honors, there was one other ground that we raised with Judge White that Judge White did not reach, and that was an alternative ground, that the entrenchment claim was barred by the doctrine of res judicata. If I could address that very briefly, I'd simply like to say the following with respect to that. The issues decided in Delaware were the same as the issues raised in CBA's amended complaint with respect to the entrenchment claim. Both actions are based on breaches of fiduciary duty by Yahoo Board in response to the Microsoft proposal. And the entrenchment claim was decided, in our view, adversely to CBA in the Delaware action because the Delaware court approved the settlement as fair, adequate, and reasonable. One can't have a fair, adequate, and reasonable settlement and still say the settlement is a breach of fiduciary duty. CBA, as Your Honor correctly mentioned, could have objected. It did get notice. It's quotes extensively from the settlement papers in its complaint. It made a tactical reason not to object in Delaware. It should have objected in Delaware. That's the proper form to raise these kinds of objections. So because CBA did not object, Your Honors, I think res judicata is another ground for why the entrenchment claim is barred. And the final point I'd like to make before I sit down is I think Judge White was entirely within his discretion to deny leave to amend. There was no request made below to amend the complaint by CBA. It wasn't in a motion. It wasn't in their motion papers. In opposition to the motion to dismiss, it wasn't set at oral argument. Judge White had a perfectly valid reason to deny leave to amend when he concluded that any amendment would be futile. And we would submit that because all the claims that CBA is alleging do fall within the scope of the release, those claims would be futile and, therefore, leave to amend was properly granted. We would ask that the Court affirm Judge White's order dismissing the complaint. Thank you very much. Thank you, Mr. Lyons. Mr. Moran. Very quickly, the Delaware amended complaint, if you read through it carefully, it makes no mention whatsoever of the pay for performance proposal, which is proposal number three. Nowhere in the document does it as much as mention it. Second, there's a Delaware principle, which is that when a company or a board of directors makes a disclosure, that they need to be fulsome in that disclosure. And here it's like they made a disclosure saying that they're going to release some specific claims, but they didn't do it fully. And so I think it needs to be limited. And I'm out of time. So thank you very much. Thank you, Mr. Moran. The matter is recorded and will be submitted.
judges: Leighton, Rymer, Smith N. R.